IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parental Rights to: | ) | No. 40262-2-III |
| | ) | (consolidated with |
| N.B. and H.B. | ) | No. 40263-1-III) |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

PENNELL, J. — The father of N.B. and H.B. appeals a juvenile court order terminating his parental rights. He argues the termination order is facially invalid because it lacks a statement addressing his children's relationships with each other, as required by RCW 13.34.200(3). We disagree and affirm.

FACTS

N.B. and H.B. were placed in dependency proceedings after their father shot and killed their mother. The father was in custody throughout the course of the proceedings. After an initial placement, N.B. and H.B. were placed with maternal relatives in Arizona. During the course of the dependency, the father was convicted of the mother's murder. He received a 380-month prison sentence and was prohibited from contacting any member of the mother's family, including N.B. and H.B., for the rest of his life.[1]

---

[1] The father also sustained an additional murder conviction, resulting in a sentence of 421 months' imprisonment, to be served consecutive to the 380-month sentence.

After resolution of the criminal case, the Department of Children, Youth, and Families petitioned to terminate the father's parental rights. The juvenile court held a trial and considered testimony from several witnesses, including the father.

The juvenile court terminated the father's parental rights. It included the following in its findings:

> 2.13.1 The children are placed with relatives in Arizona and the relatives wish to adopt the children. The children's attorney affirmed during trial that the children wish to be adopted by their current placement. . . . Termination will allow them to become a legal part of the family who is raising them.
>
> . . . .
>
> 2.13.3 . . . The [children's] placement clearly indicated that they are not open to a guardianship but would be adoptive parents if the court allows.
>
> . . . .
>
> 2.20 The children have no other siblings to the Department's knowledge.

Clerk's Papers at 119-20.

The father timely appeals.

## ANALYSIS

The father contends the order terminating his parental rights must be vacated or, at the very least, remanded for correction because it does not address his children's sibling relationship pursuant to RCW 13.34.200(3). We disagree.

2

Nos. 40262-2-III; 40263-1-III
*In re Parental Rights to N.B.*

RCW 13.34.200(3) provides: "An order terminating the parent-child relationship shall include a statement addressing the status of the child's sibling relationships and the nature and extent of sibling placement, contact, or visits."

The termination order complied with RCW 13.34.200(3). The order observed the children were placed together in Arizona with their maternal relatives. It was noted in the order that the children wished to be adopted by their relatives, and that their relatives were receptive to adoption. Given the two children have been placed together, and they have no other siblings, there was no need to specifically address contact or visits.

Because the juvenile court's order was sufficient, the father's arguments on appeal are without merit.

CONCLUSION

The order on appeal is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

I CONCUR:

_____
Lawrence-Berrey, C.J.

3

No. 40262-2-III
(consolidated with No. 40263-1-III)

FEARING, J. (concurring) — In *In the Matter of the Parental Rights to*

*C.C.C.*, No. 40254-1-III (Wash. Ct. App. Nov. 20, 2024) (unpublished),

https://www.courts.wa.gov/opinions/pdf/402541_unp.pdf, I dissented from the

majority's decision to affirm the termination of parental rights despite the omission,

by the superior court, of the RCW 13.34.200(3) statement of sibling relationships.

In the present appeal, I do not dissent despite the absence of an express statement.

RCW 13.34.200(3) declares:

> An order terminating the parent-child relationship shall include a statement addressing the status of the child's sibling relationships and the nature and extent of sibling placement, contact, or visits.

As written by the majority, finding of fact 2.13.1 mentions that the sole siblings in this

case, N.B. and H.B., reside together with relatives in Arizona. These Arizona relatives

intend to adopt both children, and the children wish to be adopted by those relatives.

Although the juvenile court entered no express statement under RCW 13.34.200(3),

the finding of fact encompasses all of the required and important information. The

siblings are placed with the same foster caregivers, hopefully to be adopting parents. The

siblings will have constant contact. Visits are immaterial since the two reside together.

RCW 13.34.200(3) seeks to protect the important bond between siblings.

The termination order, in this appeal, fully fulfills this statutory purpose.

_Fearing, J._
Fearing, J.